UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 14-01713

Plaintiff(s),

v.

Defendant(s).
_____/

No. C         EDL

STANDING ORDER RE
CASE MANAGEMENT CONFERENCE

**Lead trial counsel** who will try this case are directed to confer in advance of the Case Management Conference with respect to all matters contained in the July 1, 2011 Standing Order for all Judges of the Northern District of California regarding Contents of Joint Case Management Conference, including **a discovery plan and discovery limits** and all other matters described in Federal Rules of Civil Procedure 16(a), 16(b) and 26(f) and Civil Local Rule 16-10. Pursuant to Civil L.R. 16-10(a), **lead trial counsel shall attend the Case Management Conference** and be prepared to discuss all matters referred to in this order. Counsel shall have the authority to enter stipulations and make admissions regarding all matters described herein.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES IN THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE WITH THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 4 AND 5 AND CIVIL LOCAL RULES 4 AND 5, and to file with the Clerk of the Court a Certificate reflecting such service.

Failure to comply with this order, the provisions of Federal Rule of Civil Procedure 16 and 26(f) or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (See Fed. R. Civ. P. 16(f)).

Dated: October 2, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge

## STANDING ORDER

### Magistrate Judge Elizabeth D. Laporte

1) Civil law and motion is heard on Tuesdays at 9:00 a.m. Criminal law and motion is heard on Tuesdays at 11:00 a.m. Counsel need not reserve a hearing date in advance. However, noticed dates may be reset as the court's calendar requires.

2) Case Management Conferences are held on Tuesdays at 10:00 a.m. Pretrial Conferences are held on Tuesdays at 2:00 p.m.

3) Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than 35 days pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order to shorten or enlarge time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events, the Court is available pursuant to Civil L.R. 37-1(b).

   In the event a discovery dispute arises, counsel (or if pro se, the party) seeking discovery or a protective order shall confer in good faith with opposing counsel (or pro se party) in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

4) The Court strives to set matters and render decisions in a timely manner. The Court encourages parties to advise the Court by letter to chambers of any matter that appears to have been unduly delayed.

5) Requests to appear telephonically at case management conferences must be filed and served one (1) week before the conference in accordance with Civil L.R. 16-10(a).

IT IS SO ORDERED.

Dated: November 28, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge

# Standing Order on Confidential and Sealed Documents

# Magistrate Judge Elizabeth D. Laporte

IT IS HEREBY ORDERED as follows:

DESIGNATION OF DOCUMENTS

Before designating any specific information "Confidential" or "Confidential - Attorneys' Eyes Only," the designating party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. The burden of establishing confidentiality shall be on the designating party.

Counsel are cautioned that over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Confidential - Attorneys' Eyes Only" puts an additional burden on the Court. Often the party filing the document is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the Court, and therefore may have no choice but to request that they be filed under seal. Over-designating documents can thus result in unnecessary work for the Court in sorting out the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-designated.

Before seeking to file under seal a document that another party has designated as Confidential or Confidential - Attorneys Eyes Only, Counsel shall review the document. If in Counsel's good faith

judgment portions or all of the document have been unnecessarily designated as Confidential or Confidential - Attorneys Eyes Only, Counsel shall meet and confer with counsel for the designating party to attempt to resolve the issue.

REQUESTS TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5

Any party wishing to file with the court any document(s) designated "Confidential" or "Confidential - Attorneys' Eyes Only" shall lodge the document(s) along with a Request for Sealing pursuant to Civil Local Rule 79-5, and any proposal to seal documents must be narrowly tailored to seal only that material for which good cause to seal has been established. All requests to seal must comply with Civil Local Rule 79-5. The parties are cautioned that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus. Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). Counsel may wish to put material which counsel seeks to seal in an appendix or an exhibit.

Dated: September 12, 2003

/s/ Elizabeth D. Laporte
ELIZABETH D. LAPORTE
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

,

        Plaintiff,                        No. C- (EDL)

  v.                                 NOTICE OF SETTLEMENT
                                      CONFERENCE AND SETTLEMENT
                                      <u>CONFERENCE ORDER</u>

,

        Defendant.
_____/

TO ALL PARTIES AND COUNSEL OF RECORD:

        The above matter was referred to Magistrate Judge Elizabeth D. Laporte for Settlement Conference. You are hereby notified that the conference is scheduled for **(date)** at **(time)**, Courtroom E, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102. If the above date is not possible for the parties and counsel, or if the parties believe that settlement discussions would be more productive at a different time, counsel shall confer with each other and then contact Magistrate Judge Laporte's Courtroom Deputy **within a week** at (415) 522-3694 to determine whether it is possible and appropriate to reschedule the conference.

        **Lead trial counsel or a party without a lawyer** shall appear at the Settlement Conference with the parties and with the person or persons having **full authority** to negotiate and to settle the case. In all cases in which a party is insured, the carrier's claims representative and attorney, if any, with **full authority** to negotiate up to the limits of coverage shall also attend the Settlement Conference. In cases where settlement authority rests with a governing body, counsel or a party without a lawyer, shall advise the Court and opposing party by letter at least 72 hours prior to the conference, of the manner in which the governing body will appear.

Personal attendance by counsel or a party without a lawyer will not be excused under any circumstances and personal attendance by a party will rarely be excused. Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two weeks in advance of the conference, **if** the party lives and works outside of the Northern District of California **and** the Court determines that personal attendance would constitute a hardship and is not needed in order to have an effective settlement conference. The nature of the hardship must be explained. A copy of the written request must be served on all other parties. Any objection to the request must be submitted within forty-eight (48) hours of receipt. Both the request and objection may be submitted in letter form either by mail or facsimile to (415) 522-2002. If telephone attendance is allowed, the party must be available throughout the entire conference.

**On or before (date) (10 days prior to the settlement conference date), the parties shall deliver directly to the Magistrate Judge a Confidential Settlement Conference Statement which should not be filed with the Clerk of the Court or served upon other parties.**

The Confidential Settlement Conference Statement shall not exceed twenty-five (25) pages of text exclusive of exhibits. (Parties are encouraged to include as exhibits any key documents and deposition excerpts). The Confidential Settlement Conference Statement shall include the following:

1. A brief statement of the facts of the case.

2. A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon which the claims are founded, a candid, forthright evaluation of the parties' likelihood of prevailing on the claims and defenses and a description of the major issues in dispute.

3. A list of the key facts in dispute and a brief statement of the specific evidence relevant to those facts.

4. A summary of the proceedings to date and any pending motions.

5. An estimate of the out of pocket expenses, attorney's fees and time to be expended for further discovery, pretrial and trial.

6. The relief sought, including an itemization of damages.

7. The party's position on settlement, including present demands and offers and a history of past settlement discussions.

2

8.      If there have been no prior settlement discussions, plaintiff must serve a demand letter outlining its theories for recovery, supporting facts and damages in writing **at least 7 business days before** the conference, and defendant must respond in writing **at least 3 business days before** the conference.

It is not unusual for conferences to last several hours or at times, all day.  No participant in the settlement conference will be permitted to leave the settlement conference before it is concluded without the permission of the settlement conference judge.

Parties are encouraged to participate and frankly discuss their case. Statements they make during the conference will not be admissible at trial to prove or disprove liability in the event the case does not settle.  The parties should be prepared to discuss such items as their settlement objectives, any impediments to settlement that they perceive, whether they have enough information to discuss settlement and, if not, what additional information is needed and the possibility of a creative resolution of the dispute.

Any request to continue the settlement conference shall be submitted in writing as soon as possible after consultation with the opposing party.  **The request must demonstrate a compelling reason for a continuance,** and state whether the opposing party(ies) agree or oppose the request. Any party who objects to the continuance should submit a written response within 2 business days. Submission by facsimile is acceptable at facsimile number (415) 522-2002.  **Courtesy copies of any electronically filed documents must be delivered to chambers as provided in Civil Local Rule 5-1(e)(7).**

The parties shall notify Magistrate Judge Laporte's Courtroom Deputy **immediately** at (415) 522-3694 if this case settles prior to the date set for settlement conference.

Dated:

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3

# STANDING ORDER FOR ALL JUDGES
# OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

*Effective date: July 1, 2011* (Last Revised November 27, 2012)

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes  ___ No

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# United States District Court
# Northern District of California

## ECF Registration Information Handout

Electronic Case Filing (ECF or "e-filing") is mandatory for all civil cases in this court. Please refer to Civil Local Rule 5-1 for the Court's rules pertaining to electronic filing. Special procedures apply to initiating documents (complaints; notices of removal); after that, attorneys must e-file in this case.

Parties who are representing themselves pro se (without attorney representation) are not required to e-file and, in fact, may e-file only with the permission of the assigned judge.

Please review and attend to the following important notes and tasks:

- Serve this ECF Registration Information Handout on all parties in the case along with the complaint or removal notice and the other documents generated by the court upon filing.

- Email (DO NOT E-FILE) the complaint or removal notice and all attachments, in PDF format, within ten (10) business days, to the assigned judge's PDF email address. Find the judge's email address at cand.uscourts.gov/judges; find more information on this step at cand.uscourts.gov/ECF. Include in the subject line of the email:
    - Case number
    - Judge's initials
    - Type of document(s) you are sending (e.g, "Complaint & TRO")

  Do not separately e-file these documents; court staff will perform this task. All other documents from this point forward in the case must be e-filed, including the returned summons.

- If not already registered, each attorney in the case must register to become an e-filer at cand.uscourts.gov/ECF. Your ECF registration is valid for life in this district; please do not register more than once.

  IMPORTANT NOTICE: by signing and submitting to the court a request for an ECF user id and password, you consent to entry of your email address into the court's electronic service registry for electronic service on you of all e-filed papers, pursuant to rules 77 and 5(b)(2)(d) of the Federal Rules of Civil Procedure.

- If you are a party and do not have an attorney and would like to e-file in the case, please visit cand.uscourts.gov/ECF/proseregistration for instructions and information. Unless and until the assigned judge has given you permission to e-file, you are required to file and serve papers in hard copy (paper) form.

- Access dockets and documents using your PACER (Public Access to Court Electronic Records) account. If your firm already has a PACER account, please use that account. It is not necessary to have individual PACER accounts for each user in your office. To set up an account, visit: pacer.gov or call (800) 676-6856.

ECF interactive tutorials, instructions for e-filing and other information are available at: cand.uscourts.gov/ECF.